**DISTRICT OF COLUMBIA, Petitioner,**

v.

**UNIVERSITY OF NOTRE DAME DU LAC, Trustee under the Will of Albert F. Zahm, Deceased, Respondent.**

No. 13663.

United States Court of Appeals
District of Columbia Circuit.

Argued May 24, 1957.

Decided June 6, 1957.

Mr. Henry E. Wixon, Asst. Corp. Counsel for the District of Columbia, with whom Messrs. Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Owen J. Malone, Asst. Corp. Counsel, were on the brief, for petitioner.

Mr. William A. Glasgow, Washington, D. C., with whom Messrs. George E. Hamilton, William B. Jones and John L. Hamilton, Washington, D. C., were on the brief, for respondent.

Before WILBUR K. MILLER, WASHINGTON and BASTIAN, Circuit Judges.

PER CURIAM.

The question in this case is whether a transfer by will to a non-resident educational institution (University of Notre Dame du Lac, located at Notre Dame, Indiana) of the sum of $100,000, to use the net income "for the payment of the tuition and related university fees for study at The Catholic University of America [located in Washington, D. C.] for doctoral degrees by as large a number of Notre Dame predoctoral fellows as such income will permit" is taxable under the District of Columbia Inheritance and Estate Tax Statute. Section 47–1601(e) of the D.C.Code 1951, in force at the time of decedent's death in 1954, provided for exemptions from inheritance tax. That section read: [1]

"(e) Property transferred exclusively for public or municipal purposes, to the United States or the District of Columbia, or exclusively for charitable, educational, or religious purposes within the District of Columbia, and property transferred to the American National Red Cross, shall be exempt from any and all taxation under the provisions of this section."

The District of Columbia Tax Court held that an inheritance tax assessed and collected by the District of Columbia on the $100,000 was erroneosuly assessed and collected, as the transfer was exclusively for educational purposes within the District of Columbia.

The District of Columbia thereupon filed in this court its petition for review of the Tax Court's decision.

We believe that the "property [was] transferred exclusively for * * * educational * * * purposes within the District of Columbia * * *" and, under the plain and unambiguous provisions of § 47–1601(e), was exempt from any and all taxation under the Inheritance and Estate Tax provisions.

Accordingly, the decision of the Tax Court of the District of Columbia was correct, and should be and is

Affirmed.

---

[1] This provision was amended in 1955 by the elimination of the words "within the District of Columbia;" but, of course, the proceeding is governed by the section as it read in 1954.